IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HEATHER CANTERBURY and
DAVID CANTERBURY,

          Plaintiffs,

v.                                      CIVIL ACTION NO. 3:09-1329

CRAIG B. SCOTT individually, and
J.B. HUNT TRANSPORT, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Amended Motion to Remand of Plaintiffs Heather and Scott Canterbury (Doc. 10), a married couple. For the following reasons, the motion is **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Wayne County, West Virginia.

**Background**

On October 24, 2008, Plaintiff Heather Canterbury ("Mrs. Canterbury") was in an automobile accident while driving westbound on Interstate-64, Mile Marker 5, in Huntington, Wayne County, West Virginia, where her motor vehicle, a 1999 Toyota Sierra minivan, crashed with a 2000 Volvo VNL 610 tractor-trailer owned by Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt") and operated by Craig B. Scott ("Mr. Scott"). Mrs. Canterbury suffered injuries as a result of the crash and, on November 19, 2009, filed a complaint against Mr. Scott and J.B. Hunt in the Circuit Court of Wayne County, seeking recovery for bodily injury, past, present and future; medical expenses, past, present and future; and mental anguish, aggravation, inconvenience, annoyance, and loss of the enjoyment of life. *See Pl.'s Complaint* (Doc. 1-1). Also named as a plaintiff in the case

is Mrs. Canterbury's husband, David ("Mr. Canterbury"), who claims "the loss of consortium of his wife[.]" *Id.* Together, Plaintiffs filed a complaint,"demand[ing] judgement [sic] against the Defendants ... in a substantial sum and in an amount in excess of the minimum jurisdictional requirements ... plus all interest allowed by law and his costs of this action, but not to exceed the sum or value of $75,000, exclusive of interest and costs." *Id.*

On December 11, 2009, Defendants removed the action to this Court, claiming this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because of the diversity of citizenship and because the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See Notice of Removal* (Doc. 1). To support removal, Defendants cite to Plaintiffs' July 23, 2009, demand letter ("Demand Letter"), in which "Mrs. Canterbury makes a claim against [the defendants] in the amount of $91,276.44." *See Demand Letter* (Doc. 1-3). This demand letter is attached to the Notice of Removal. Plaintiffs now seek to remand this action to the Circuit Court of Wayne County, West Virginia, contending that removal is appropriate because the amount in controversy does not exceed the minimum jurisdictional sum of $75,000.

**Analysis**

The federal district courts are courts of limited jurisdiction, "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Here, Defendants seek to remove this action pursuant to 28 U.S.C. §1332. Title 28 U.S.C. § 1332(a)(1) provides: "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Thus, to establish this Court's subject matter jurisdiction, Defendants must demonstrate (1) complete

-2-

diversity and (2) that the amount in controversy exceeds $75,000.

Plaintiffs, Heather and David Canterbury are citizens of West Virginia. Defendant J.B. Hunt is incorporated in Georgia and has its principal place of business in Lowell, Arkansas. Defendant Craig B. Scott is a resident of New Jersey. As a result, there is complete diversity of citizenship in this action and the only remaining question is whether the amount in controversy exceeds a sum of $75,000. *See* 28 U.S.C. § 1332.

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulchahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Nixon v. Loyal Order of Moose Lodge No. 750*, 285 F.2d 250, 252 (4th Cir. 1960) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). Therefore, the party seeking removal has the burden of establishing federal jurisdiction, *see, e.g., Mulcahey,* 29 F.3d at 151; *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008); and "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey,* 29 F.3d at 151. "[I]n a removal action in which federal jurisdiction is premised upon 28 U.S.C. § 1332, the defendant bears the burden of proving that each plaintiff's claim exceeds the jurisdictional amount."[1]

---

[1] "West Virginia recognizes that a loss of consortium action is distinct from the injured spouse's underlying tort claim." *Sayre,* 32 F.Supp.2d at 883 n. 1 (citing *DuPont v. United States*, 980 F.Supp.192, 195 (S.D. W.Va. 1997)). As a result, Mr. Canterbury's loss of consortium claim is separate from Mrs. Canterbury's claims and the defendants must show independent bases for federal subject matter jurisdiction for each claim. *Id.* Mr. Canterbury's claim would, however, likely be subject to supplemental jurisdiction if the defendants established federal jurisdiction over Mrs. Canterbury's claims under 28 U.S.C. § 1332. As a result, the relevant question here is whether the amount in controversy with respect to Mrs. Canterbury exceeds $75,000.

*Sayre v. Potts*, 32 F.Supp.2d 881, 883-84 (S.D. W.Va. 1999); *see also Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W.Va. 1996).

Whether this jurisdictional amount is satisfied is generally determined by reference to the amount specified in the plaintiff's complaint. *Wiggins v. North Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ('[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal[.]"). However, in cases where the complaint's *ad damnum* clause does not specifically state the amount in controversy, and in cases, such as this case, where the complaint specifies a sum less than the jurisdictional amount, the matter is not so simple. *See, e.g., McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 484 (S.D. W.Va. 2001) ("Many courts have seized ... a bright-line rule compelling remand where a specific sum less than the jurisdictional amount is stated. That approach, however, may not assure the diverse defendant exposure to a damage award ultimately less than the jurisdictional amount.") (complaint specified a sum less than jurisdictional amount); *Watterson v. GMRI, Inc.,* 14 F.Supp.2d 844, 846-48 (S.D. W.Va. 1997) (same); *Wickline v. Dutch Run-Mays Draft, LLC,* 606 F.Supp.2d 633, 635 (S.D. W.Va. 2009) (no damage amount specified); *Sayre,* 32 F.Supp.2d at 884 (same); *Landmark Corp.*, 945 F.Supp. at 935 (same). In such cases, the complaint is the "starting point[,]" rather than the end result, "for ascertaining the amount in controversy when a petition for removal [is] filed." *Sayre,* 32 F.Supp.2d at 887.

Using the complaint as the starting point, the Court then looks to the evidence presented by the defendant to support removal, making an independent evaluation as to whether the jurisdictional amount is satisfied. *McCoy,* 147 F.Supp.2d at 489. "The amount in controversy is determined on the basis of the record existing at the time the petition for removal was filed," *Landmark Corp.,* 945

F.Supp. at 936 (citing *Red Cab*, 303 U.S. at 291), and, consulting this record, the Court considers: the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages if appropriate; the amounts awarded in other similar cases; the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed; and evidence of any settlement demands made by the plaintiff prior to such removal. *McCoy,* 147 F.Supp.2d at 489; *Sayre*, 32 F.Supp.2d at 886. Further, when determining the amount in controversy, the Court "is not required to leave its common sense behind." *McCoy,* 147 F.Supp.2d at 489; *Sayre*, 32 F.Supp.2d at 886-87.

Courts in this district have engaged in some debate concerning the appropriate burden of proof to apply when determining the amount in controversy in cases where the complaint's *ad damnum* clause is not specific, or where the complaint specifies a sum less than the jurisdictional amount. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25 (S.D. W.Va. 1994) (Faber, J.) (requiring a defendant to prove to a legal certainty that a plaintiff's claim meets the jurisdictional amount); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22 (S.D. W.Va. 1994) (Faber, J.) (same); *Landmark Corp.*, 945 F.Supp. 932 (Copenhaver, J.) (employing a preponderance of the evidence test); *Whitney v. State Farm Mut. Auto Ins. Co.*, No. 3:98-0241 (S.D. W.Va. June 29, 1998) (Chambers, J.) (same); *Sayre*, 32 F.Supp.2d 881 (Goodwin, J.) (same); *Weddington v. Ford Motor Credit Co.,* 59 F.Supp.2d 578 (S.D. W.Va. 1999) (Hallanan, J.) (same); *Cline v. Matney*, 20 F.Supp.2d 977 (S.D. W.Va. 1995) (Haden, J.) (employing a reverse legal certainty test); *Adkins v. Gibson*, 906 F.Supp. 345 (S.D. W.Va. 1995) (Haden, J.) (same); *Watterson*, 14 F.Supp.2d 844 (S.D. W.Va. 1997) (Staker, J.) (requiring a defendant to prove by clear and convincing evidence that it is highly probable that a plaintiff's claim meets the jurisdictional amount). In recent years, however,

this debate has tapered off and the preponderance of the evidence standard has gained traction in both instances. *See, e.g., Wickline*, 606 F.Supp.2d 633 (Johnston, J.) (applying a preponderance of the evidence standard); *White v. Chase Bank USA, NA,* 2009 WL 2762060 (S.D. W.Va. 2009) (Faber, J.) (same); *Evans v. CDX Services, LLC*, 528 F.Supp.2d 599 (S.D. W.Va. 2007) (Johnston, J.) (same); *McCoy*, 147 F.Supp.2d 481, 489 (Haden, J.) (abrogating *Cline* and *Adkins* and employing a preponderance of the evidence test); *see also Bartinowski v. NVR, Inc.*, 307 Fed.Appx. 730 (4th Cir. 2009) (employing a preponderance of the evidence test).

In its June 29, 1998, Memorandum Opinion and Order in *Whitney v. State Farm Mutual Automobile Insurance Company* (3:98-0241) this Court applied a preponderance of the evidence standard in a case where a complaint's *ad damnum* clause did not specify the amount in controversy. Then, following Chief Judge Haden's direction in *McCoy*, in December 2003, the Court extended its application of the preponderance standard to removal disputes where a complaint specified a sum less than the jurisdictional amount. *See Adkins v. Ohio Valley Supermarkets, Inc.*, No. 3:03-2275 (S.D. W.Va. Dec. 2, 2003) (Chambers, J.). The question presented by the plaintiff's motion therefore is: whether the defendants have proven, by a preponderance of the evidence, that Plaintiff Heather Canterbury's claims establish an amount in controversy exceeding $75,000.

Mrs. Canterbury claims a range of injuries, from bodily injury to mental anguish, aggravation, inconvenience, annoyance, and loss of the enjoyment of life. Yet, in her complaint, the plaintiff avers that her damages are worth no more than $75,000. Reviewing the aforementioned factors, the Court concludes that the defendants have not disproven the plaintiff by a preponderance of the evidence. Mrs. Canterbury has not made a claim for punitive damages. The defendants have not provided information regarding the amounts awarded in similar cases and, thus, the defendants

have failed to show that damages in such cases generally exceed $75,000. The defendants have also failed to demonstrate that Mrs. Canterbury incurred more than $16,276.44 in medical expenses or other losses prior to the date their notice of removal was filed. To the contrary, the defendants defend removal of this action almost entirely based on Mrs. Canterbury's July 23, 2009, demand letter, in which she made a claim against the defendants in the amount of $91,276.44. Such evidence is not sufficient to sustain removal.

In this district, the weight to be given to any settlement demand is a matter of dispute. *McCoy,* 147 F.Supp.2d at 489; *Sayre*, 32 F.Supp.2d at 886. This dispute stems, at least in part, from the fact that a plaintiff will often demand, early in settlement, an amount greater than the amount he or she believes a case is worth. The July 23, 2009, demand letter is not compelling evidence to support removal because, although Mrs. Canterbury claims total damages of $91,276.44, she (1) indicates that her total expenses to date were only $16,276.44, and (2) proposes settlement in the amount of $75,000. *See Demand Letter* (Doc. 1-3). Therefore, it is evident that $91,276.44 is merely the plaintiff's starting position. Like the complaint, such a starting position is merely a starting point in the Court's analysis. *See Sayre,* 32 F.Supp.2d at 887. Accordingly, the plaintiff's assertion in her settlement demand letter that her case is worth $91,276.44 does not prove by a preponderance of the amount in controversy exceeds $75,000.

The plaintiff's motion is therefore **GRANTED** and this action is **REMANDED** to the Circuit Court of Wayne County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

       ENTER:  February 18, 2010

       _____
       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE